# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GREGORY ATWATER**,

    Plaintiff,

    v.                                              Case No. 19-CV-363

**BONNIE L. GUGLER**, *et al.*,

    Defendants.

# ORDER

Plaintiff Gregory Atwater has filed a "motion to object to the dismissal of defendants from his complaint" (ECF No. 46), which again contests the court's dismissal at screening of defendants Trunnell, Prince, and Obiora. Atwater also again requests the appointment of counsel (ECF No. 48) and additional time to respond to the defendants' motion to dismiss (ECF No. 47).

**1.  Motion to Object**

Atwater asserts that the court failed to give him an opportunity to object to the screening order or notice of the time in which to file objections, under Fed. R. Civ. P. 72(a). (ECF No. 46 at 1.) Atwater previously moved for reconsideration of the court's screening order (ECF No. 11), which the court denied (ECF No. 16). Atwater intends this latest motion to be "an objection under Rule 72(a)" to the screening order. (ECF No. 46 at 1.)

Atwater consented to magistrate judge jurisdiction. (ECF No. 6.) Pursuant to a Memorandum of Understanding between the Wisconsin Department of Justice and this court, the defendants also consented to the exercise of magistrate judge jurisdiction for purposes of screening (the defendants subsequently consented to magistrate judge jurisdiction for all purposes). The case was not "referred to a magistrate judge" under Rule 72(a). Therefore, Atwater has no right to object to this court's screening order under Rule 72(a).

Atwater's motion could be construed as having been filed pursuant to Fed. R. Civ. P. 60(b), which permits a party to obtain relief from an order based on several grounds, including mistake or inadvertence, newly discovered evidence, fraud, a defect in the judgment, or for any other reason justifying relief. *See* Fed. R. Civ. P. 60(b)(1)–(6). But Atwater does not raise any of those grounds in his motion. He merely contests the court's characterization of his claims and, as he did in his motion for reconsideration, reiterates the allegations from his complaint against the dismissed defendants. The court previously reaffirmed its screening order in denying Atwater's motion for reconsideration. (ECF No. 16 at 2.) Atwater does not provide any reason under 60(b) for the court to alter that decision or its screening order.

2.  **Appointment of Counsel**

Atwater, for the second time, requests the appointment of counsel. (ECF No. 48.) He asserts that he cannot afford counsel, has unsuccessfully asked attorneys to represent him in this case, has an eleventh-grade education and no legal training, and has limited resources because he is incarcerated. (*Id.* at 1–2.) Atwater also

reiterates that he has limited use of his left hand because of surgery he had in June 2010. (*Id.* at 3.) Finally, he asserts that, because he recently was transferred to a different institution, he no longer has access to the jailhouse lawyer who previously assisted him. (*Id.*)

As the court discussed in its previous order, the court has the discretion in civil cases to recruit counsel for individuals unable to afford counsel. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish,* 923 F.3d 486, 490 (7th Cir. 2019), (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses. *Id.*

3

When considering the second element, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell*, 923 F.3d at 490. The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490–491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett* 930 F.3d at 871.

The court previously determined that Atwater has satisfied the first of these two elements by showing that he has unsuccessfully attempted to find counsel on his own. (ECF No. 16 at 3.) The court also noted that, in his communications with the court, Atwater showed he is capable of proceeding with discovery without an attorney. (*Id.* at 4.) Atwater's current motions provide a factual basis for his arguments and present sophisticated analyses, including the use of rules and case law, in support of those arguments. These motions continue to demonstrate his capacity to litigate this case on his own at this juncture. As the case progresses, if the legal and factual issues become too complex for him, or if he is unable to get the information he believes he

4

needs to prove his claims, he may again raise his request for a lawyer. Atwater is reminded that, as he has done here, he may request additional time to prepare documents or meet other deadlines because of his injury if he determines that he needs it. The court also may hold a hearing in the future, if needed, to determine if Atwater's hand injury prevents him from litigating this matter on his own.

3. **Extension of Time, Request for Discovery**

Atwater has requested additional time to respond to the defendants' motion requesting partial summary judgment and to dismiss. (ECF No. 47.) Defendants do not object to his request. (ECF No. 49 at 2.) The court will permit Atwater an additional thirty days to respond to the motion.

Atwater also requests that the court issue a scheduling order and permit discovery so he can respond to the defendants' motion to dismiss. (ECF No. 47 at 1.) The defendants move to dismiss state-law claims and Defendants Gugler and Stelpflug because, they allege, Atwater failed to comply with Wis. Stat. § 893.82 and to exhaust his administrative remedies against those two defendants. (ECF No. 29.) Atwater does not need discovery to respond to these arguments. He already has the information needed to confirm whether he complied with the Wisconsin statute and filed complaints against Gugler and Stelpflug. In fact, Atwater asserted in his complaint that he had properly complied with those requirements. (ECF No. 1 at 8, ¶¶ 63 & 64.) To the extent he requests a stay for discovery to begin, his motion will be denied.

**IT IS THEREFORE ORDERED** that Atwater's motion to object to the dismissal of defendants from his complaint (ECF No. 46) and his motion for appointment of counsel (ECF No. 48) are **DENIED**.

**IT IS FURTHER ORDERED** that his motion for an extension of time to respond to the defendants' motion to dismiss (ECF No. 47) is **GRANTED** in part. Atwater must file a response to the defendants' motion to dismiss, including any accompanying documents, **by November 4, 2019**. To the extent Atwater requests a stay of the proceedings or entry of a scheduling order, his motion is **DENIED**.

Dated at Milwaukee, Wisconsin this 7th day of October, 2019.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge