UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREGORY ATWATER,

          Plaintiff,

    v.                                              Case No. 19-cv-363

THOMAS GROSSMAN, *et al.*,

          Defendants.

## ORDER

*Pro se* plaintiff Gregory Atwater filed a motion for reconsideration and a motion to appoint counsel. (ECF No. 108.) The court will grant the motion to appoint counsel, deny without prejudice the motion for reconsideration, and stay the case pending recruitment of counsel.

"[T]here is no right to court-appointed counsel in federal civil litigation, but an indigent civil litigant may ask the district court to request an attorney to represent the litigant *pro bono.*" *McCaa v. Hamilton*, 893 F.3d 1027, 1030 (7th Cir. 2018). The court considers two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish,* 923 F.3d 486, 490 (7th Cir. 2019) (quoting *Pruitt v. Mote*, 503

F.3d 647, 653 (7th Cir. 2007)). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

Under the first prong, a plaintiff must make a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

Under the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell*, 923 F.3d at 490. The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491.

The Seventh Circuit has deemed important certain additional factors, including whether the prisoner is located at a facility different from where the events took place. *Id*. (citing *James v. Eli*, 889 F.3d 320, 327 (7th Cir. 2018) (collecting cases). Under those circumstances, it is difficult for the prisoner to obtain access to witnesses, documents, or defendants necessary to make his case. *Id*. The court has also noted that cases involving complex medical issues are difficult for *pro se* litigants, "particularly ... where a prisoner has received at least *some* medical treatment, because he must show a substantial departure from accepted professional judgment, practice, or standards, and expert medical evidence is often required to prove this aspect of his claim." *Id.*

The court is satisfied that Atwater made reasonable attempts to recruit counsel on his own. (*See* ECF No. 12-1.) The court is also satisfied that the case is now too complex for Atwater to handle on his own. The gravamen of Atwater's complaint is that he received four different x-rays at three different institutions confirming that his third and fourth metacarpals were fractured, yet he never actually got treatment for his hand. Instead, he was transferred from one institution to another, and passed between many different "inside" and "outside" medical providers, all of whom reordered the same tests and first-line care treatment, but none of whom actually treated his fractures. His hand eventually healed incorrectly and is now permanently disfigured, with severe mobility issues.

Atwater states that, at discovery, this case is no longer within his capacity to handle. The court agrees. Atwater is litigating against four different sets of

defendants, all with different attorneys, and he is no longer located at the institutions where the incidents occurred. This makes it difficult for him to get access to witnesses, documents, and defendants. This case also involves somewhat complex medical issues that likely will need expert witness testimony. Although Atwater's filings have been good so far, the court is satisfied that this case now exceeds his capacity as a layperson to litigate. Accordingly, the court will grant Atwater's motion to appoint counsel and will stay the case pending recruitment of counsel.

The court will deny without prejudice Atwater's motion for reconsideration. If necessary, Atwater may refile the motion with the assistance of counsel.

**NOW, THEREFORE, IT IS ORDERED** that Atwater's motion for reconsideration and motion to appoint counsel (ECF No. 108) is **GRANTED in part** and **DENIED in part.** The motion to appoint counsel is **GRANTED**. The motion for reconsideration is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending recruitment of counsel.

Dated at Milwaukee, Wisconsin this 21st day of September, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge