# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GREGORY ATWATER,**

    **Plaintiff,**

  v.                                              **Case No. 19-cv-363**

**DR. KUBER**, *et al.*,

    **Defendants.**

## ORDER

On January 5, 2022, the court held a telephonic hearing on plaintiff Gregory Atwater's motion for reconsideration of the dismissal of the medical malpractice claim against defendant Dr. Prapti Kuber. (ECF No. 181) At the hearing, the court reinstated the state law medical malpractice/medical negligence claim against Dr. Kuber because it determined the claim should not have been dismissed. (ECF No. 195.) The court directed Kuber to refile her motion for summary judgment to address the state law medical negligence claim and entered an order reinstating the state law medical malpractice/medical negligence claim against Dr. Kuber. (ECF No. 196.) On February 8, 2022, Kuber refiled that motion. (ECF No. 197.) That motion has been fully briefed and is pending.

On June 20, 2022, while her summary motion was pending, Kuber filed a motion for reconsideration arguing that, pursuant to the United States Supreme Court's recent decision in *Kemp v. United States*, 142 S. Ct. 1856 (2022), the court

erred in considering Atwater's motion for reconsideration because it was untimely. (ECF No. 208). Kuber argues that in *Kemp* the Supreme Court held that motions for reconsideration made under Federal Rule of Civil Procedure 60(b)(1) must be made within one year of the challenged ruling.

Under Fed. R. Civ. P. 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.*" (emphasis added). In short, the court has the authority *sua sponte* to revise any of its decisions prior to the entry of judgment of all the claims. Thus, whether Atwater's motion was untimely under Rule 60(b) is irrelevant. The court had the power to revise its decision to dismiss the state law medical negligence claim under Rule 54(b). Kuber's motion for reconsideration (ECF No. 208) is **DENIED.**

Dated at Milwaukee, Wisconsin this 9th day of August, 2022.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge